**Fill in this information to identify the case:**

United States Bankruptcy Court for the <u>Southern District of Texas</u>

Case number (*if known*): _____ Chapter <u>11</u>

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | Steward Health Care Holdings LLC | |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | N/A |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 90-0736306 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 1900    N. Pearl Street<br><u>Number    Street</u> | <u>Number              Street</u> |
| Suite 2400 | <u>P.O. Box</u> |
| Dallas       Texas       75201<br><u>City           State           ZIP Code</u> | <u>City           State           ZIP Code</u> |
| Dallas<br><u>County</u> | **Location of principal assets, if different from principal place of business** |
| | <u>Number         Street</u> |
| | <u>City         State         ZIP Code</u> |

5. **Debtor's website** (URL)   https://www.steward.org

6. **Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other.  Specify: _____

Debtor    Steward Health Care Holdings LLC _____    Case number (if known) _24-____ ( )
          Name

**7.  Describe debtor's business**

    A. *Check one:*

    ☒ Health Care Business (as defined in 11 U.S.C. § 101(27A))
    ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
    ☐ Railroad (as defined in 11 U.S.C. § 101(44))
    ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
    ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
    ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
    ☐ None of the above

    B. *Check all that apply:*

    ☐ Tax- exempt entity (as described in 26 U.S.C. § 501)
    ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
    ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

    C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
    http://www.uscourts.gov/four-digit-national-association-naics-codes.
    5511 – Management of Companies and Enterprise

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

    *Check one:*

    ☐ Chapter 7
    ☐ Chapter 9
    ☒ Chapter 11. *Check all that apply:*

A debtor who is a "small business debtor" must check the first subbox. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11**. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

    ☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

    ☒ No

    ☐ Yes    District _____ When _____ Case number _____
                                   MM/ DD/ YYYY

         District _____ When _____ Case number _____
                                   MM / DD/ YYYY

Debtor _____Steward Health Care Holdings LLC_____     Case number (if known) ___24-____(__)____
         Name

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes   Debtor ____See Schedule 1____   Relationship ____See Schedule 1____

District ____Southern District of Texas____   When ____May 6, 2024____
                                                      MM / DD/ YYYY

Case number, if known _____

---

**11. Why is the case filed in this district?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?**  (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number            Street

_____
City                    State        ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact Name _____

Phone _____

---

**Statistical and administrative information**

---

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

(on a consolidated basis with all affiliated debtors)

☐ 1-49            ☐ 1,000-5,000        ☐ 25,001-50,000
☐ 50-99           ☐ 5,001-10,000       ☐ 50,001-100,000
☐ 100-199         ☐ 10,001-25,000      ☒ More than 100,000
☐ 200-999

---

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          Page 3

Debtor     Steward Health Care Holdings LLC          Case number (if known)    24-_____ ( )
         Name

| | | | | | |
|---|---|---|---|---|---|
| **15. Estimated assets**<br>(on a consolidated basis with all affiliated debtors) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities**<br>(on a consolidated basis with all affiliated debtors) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

| | |
|---|---|
| ■ | **Request for Relief, Declaration, and Signatures** |

**WARNING** – Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■ I have been authorized to file this petition on behalf of the debtor.

■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    May 6, 2024
           MM / DD/ YYYY

✗   _/s/ John R. Castellano_          John R. Castellano
     Signature of authorized representative of debtor      Printed name

     Chief Restructuring Officer
     Title

**18. Signature of attorney**

✗   _/s/ Gabriel A. Morgan_      Date    May 6, 2024
     Signature of attorney for debtor          MM / DD / YYYY

     Gabriel A. Morgan          Ray C. Schrock
     Printed Name

     Weil, Gotshal & Manges LLP          Weil, Gotshal & Manges LLP
     Firm Name

     700 Louisiana Street, Suite 3700          767 Fifth Avenue
     Address

     Houston, Texas 77002          New York, New York 10153
     City/State/Zip

     (713) 546-5000          (212) 310-8000
     Contact Phone

     gabriel.morgan@weil.com          ray.schrock@weil.com
     Email Address

     24125891          Texas
     Bar Number          State

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (Houston Division) (the "**Court**").  A motion will be filed with the Court requesting the chapter 11 case of each entity listed below be consolidated for procedural purposes only and jointly administered under the case number assigned to the chapter 11 case of Steward Health Care System LLC.

| Debtor Entity | Debtor Entity |
|---|---|
| SJ Medical Center, LLC | Davis Hospital Holdings, Inc. |
| Downtown Houston Physician Hospital Organization | Davis Surgical Center Holdings, Inc. |
| Steward Health Care Holdings LLC | De Zavala Medical Center LLC |
| Steward Health Care System LLC | Glenwood Specialty Imaging, LLC |
| Arizona Diagnostic & Surgical Center, Inc. | HC Essential Co. |
| Beaumont Hospital Holdings, Inc. | Health Choice Florida, Inc. |
| Biltmore Surgery Center Holdings, Inc. | Health Choice Louisiana, Inc. |
| Biltmore Surgery Center, Inc. | Health Choice Managed Care Solutions LLC |
| Blackstone Medical Center, Inc. | Health Choice Northern Arizona LLC |
| Blackstone Rehabilitation Hospital, Inc. | Health Choice Preferred Accountable Care LLC |
| Boston Orthopedic Center, LLC | Health Choice Preferred Louisiana ACO LLC |
| Boston Sports Medicine and Research Institute, LLC | Health Choice Preferred Louisiana Physician Association LLC |
| Brevard SHC Holdings LLC | Health Choice Preferred Texas ACO – Alamo Region LLC |
| Brim Healthcare of Colorado, LLC | Health Choice Preferred Texas ACO – Gulf Coast Region LLC |
| Brim Healthcare of Texas, LLC | Health Choice Preferred Texas Physician Association – Alamo Region LLC |
| Brim Holding Company, Inc. | Health Choice Preferred Texas Physician Association – Gulf Coast Region LLC |
| Brim Physicians Group of Colorado, LLC | Health Choice Utah Accountable Care LLC |
| Choice Care Clinic I, Inc. | HealthUtah Holdco LLC |
| Choice Care Clinic II, Inc. | Heritage Technologies, LLC |
| Choice Care Clinic III, Inc. | IASIS Capital Corporation |
| Choice Care Clinic of Louisiana, Inc. | IASIS Finance II LLC |
| Choice Care Clinic of Utah, Inc. | IASIS Finance III LLC |
| Converse Medical Center LLC | IASIS Finance, Inc. |
| Davis Hospital & Medical Center, LP | IASIS Finance Texas Holdings, LLC |

| Debtor Entity | Debtor Entity |
|---|---|
| IASIS Glenwood Regional Medical Center, LP | Riverwoods ASC Holdco LLC |
| IASIS Healthcare Corporation | Salt Lake Regional Medical Center, LP |
| IASIS Healthcare Holdings, Inc. | Salt Lake Regional Physicians, Inc. |
| IASIS Healthcare LLC | Seaboard Development LLC |
| IASIS Management Company | Seaboard Development Port Arthur LLC |
| IASIS Transco, Inc. | SHC Youngstown Ohio Laboratory Services Company LLC |
| Indigent Care Services of Northeast Louisiana, Inc. | SHC Youngstown Ohio Outpatient Services LLC |
| Jordan Valley Hospital Holdings, Inc. | SHC Youngstown Ohio PSC LLC |
| Jordan Valley Medical Center, LP | Southridge Plaza Holdings, Inc. |
| Legacy Trails Medical Center LLC | Southwest General Hospital, LP |
| Mesa General Hospital, LP | St. Luke's Behavioral Hospital, LP |
| Morton Hospital, A Steward Family Hospital, Inc. | St. Luke's Medical Center, LP |
| Mountain Point Holdings, LLC | Steward Accountable Care Organization, Inc. |
| Mountain Vista Medical Center, LP | Steward Anesthesiology Physicians of Florida, Inc. |
| MT Transition LP | Steward Anesthesiology Physicians of Massachusetts, Inc. |
| Nashoba Valley Medical Center, A Steward Family Hospital, Inc. | Steward Anesthesiology Physicians of Pennsylvania, Inc. |
| New England Sinai Hospital, A Steward Family Hospital, Inc. | Steward ASC Holdings LLC |
| Odessa Fertility Lab, Inc. | Steward Carney Hospital, Inc. |
| Odessa Regional Hospital, LP | Steward CGH, Inc. |
| OnSite Care, Inc. | Steward Easton Hospital, Inc. |
| OnSite Care MSO, LLC | Steward Emergency Physicians, Inc. |
| Permian Basin Clinical Services, Inc. | Steward Emergency Physicians of Arizona, Inc. |
| Permian Premier Health Services, Inc. | Steward Emergency Physicians of Florida, Inc. |
| Physician Group of Arizona, Inc. | Steward Emergency Physicians of Pennsylvania, Inc. |
| Physician Group of Arkansas, Inc. | Steward Emergency Physicians Ohio, Inc. |
| Physician Group of Florida, Inc. | Steward Employer Solutions LLC |
| Physician Group of Louisiana, Inc. | Steward Fall River Management Care Services LLC |
| Physician Group of Utah, Inc. | Steward Florida ALF LLC |
| Podiatric Physicians Management of Arizona, Inc. | Steward Florida ASC LLC |
| PP Transition, Inc. | Steward Florida Holdings LLC |
| PP Transition LP | Steward FMC, Inc. |
| Quincy Medical Center, A Steward Family Hospital, Inc. | Steward Good Samaritan Medical Center, Inc. |

| Debtor Entity | Debtor Entity |
|---|---|
| Steward Good Samaritan Occupational Health Services, Inc. | Steward PET Imaging, LLC |
| Steward Good Samaritan Radiation Oncology Center, Inc. | Steward PGH, Inc. |
| Steward Health Care International LLC | Steward Physician Contracting, Inc. |
| Steward Health Care Network ACO Texas, Inc. | Steward Radiology Physicians of Arizona, Inc. |
| Steward Health Care Network, Inc. | Steward Radiology Physicians of Florida, Inc. |
| Steward Health Care OZ Fund, Inc. | Steward Radiology Physicians of Massachusetts, Inc. |
| Steward Health Choice, Inc. | Steward Radiology Physicians of Pennsylvania, Inc. |
| Steward Healthcare Management Services LLC | Steward Rockledge Hospital, Inc. |
| Steward HH, Inc. | Steward SA FSED Holdings, Inc. |
| Steward Hillside Rehabilitation Hospital, Inc. | Steward Sebastian River Medical Center, Inc. |
| Steward Holy Family Hospital, Inc. | Steward Sharon Regional Health System, Inc. |
| Steward Hospital Holdings LLC | Steward Special Projects LLC |
| Steward Hospital Holdings Subsidiary One, Inc. | Steward St. Anne's Hospital Corporation |
| Steward Imaging & Radiology Holdings LLC | Steward St. Elizabeth's Medical Center of Boston, Inc. |
| Steward Medicaid Care Network, Inc. | Steward St. Elizabeth's Realty Corp. |
| Steward Medical Group Express Care, Inc. | Steward Texas Hospital Holdings LLC |
| Steward Medical Group, Inc. | Steward Trumbull Memorial Hospital, Inc. |
| Steward Medical Group Pennsylvania Endoscopy LLC | Steward TSC Investments LLC |
| Steward Medical Holdings LLC | Steward Valley Regional Ventures, Inc. |
| Steward Medical Ventures, Inc. | Steward West Ventures, Co. |
| Steward Melbourne Hospital, Inc. | Stewardship Health, Inc. |
| Steward New England Initiatives, Inc. | Stewardship Health Medical Group, Inc. |
| Steward Norwood Hospital, Inc. | Stewardship Services Inc. |
| Steward NSMC, Inc. | The Medical Center of Southeast Texas, LP |
| Steward Ohio Holdings LLC | TNC Transition LP |
| Steward Operations Holdings LLC | TRACO Investment Management LLC |
| Steward Pathology Physicians of Massachusetts, Inc. | Utah Transcription Services, Inc. |
| Steward Pennsylvania Holdings LLC | |

### ACTION BY WRITTEN CONSENT
### OF THE BOARD OF MANAGERS OF
### STEWARD HEALTH CARE HOLDINGS LLC

May 5, 2024

The undersigned, constituting all of the members of the Board of Managers (the "**Board**") of Steward Health Care Holdings LLC, a Delaware limited liability company (the "**Company**"), do hereby consent, in accordance with the applicable provisions of the organizational documents of the Company and the Delaware Limited Liability Company Act, to the following actions and adopt the following resolutions in lieu of a meeting, with each such resolution effective as of the date written above.

**WHEREAS**, the Board has had the opportunity to review and analyze the assets, liabilities and liquidity of the Company, and the strategic alternatives available and the impact of the foregoing on the Company's business;

**WHEREAS**, the Board has had the opportunity to consult with the management and the legal and financial advisors of the Company to fully consider, and has fully considered, the strategic alternatives available to the Company;

**WHEREAS**, at a meeting of the Board held on December 19, 2023, the Board established a transformation committee consisting of two (2) members of the Board and one (1) independent member (together the "**Transformation Committee**");

**WHEREAS,** on or about February 21, 2024, the Board voted to adopt an amended and restated charter of the Transformation Committee (as amended, the "**Transformation Committee Charter**"), pursuant to which the Transformation Committee was delegated certain responsibilities, powers and authority including, among other things, the power to negotiate, consider, review, evaluate, implement and report to the Board certain strategic and financial transactions available to the Company and its direct and indirect subsidiaries and their respective businesses, assets, properties and debt obligations, including with respect to a potential restructuring of the Company's indebtedness and any related actions the Transformation Committee considers necessary, appropriate or advisable; and

**WHEREAS**, on the date hereof, the Transformation Committee has recommended to the Board that the Company authorize and approve the actions set forth in Sections 1-5 below.

1. <u>**Chapter 11 Filing of the Company**</u>

**NOW, THEREFORE, BE IT RESOLVED**, that in the respective business judgment of the Board, it is desirable and in the best interests of the Company (including in consideration of its stakeholders) that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "**Company Chapter 11 Case**") under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States

Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

**FURTHER RESOLVED**, that any Chief Executive Officer, Vice President, Chief Financial Officer, Treasurer, Chief Legal Officer, Secretary or Assistant Secretary, Manager, Director, or other duly appointed officer, including the Chief Restructuring Officer (as defined below), or other person acting at the direction of the foregoing officers of the Company (collectively, the "**Authorized Signatories**"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take and perform any and all actions that they deem necessary, proper or desirable in connection with the Company Chapter 11 Case or filings therefor, including, without limitation (i) the payment of fees, expenses, and taxes such Authorized Signatory deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing, and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and instruments (and any amendments or modifications thereto) in connection with, or in furtherance of, the Company Chapter 11 Case with a view to the successful prosecution of the Company Chapter 11 Case (such acts to be conclusive evidence that such Authorized Signatory has been deemed to meet such standard); and

**FURTHER RESOLVED**, that all acts and deeds previously performed by any Authorized Signatory or officers of the Company prior to the adoption of the foregoing resolutions that are within the authority conferred by the foregoing resolutions, are hereby ratified, confirmed, and approved in all respects as the authorized acts and deeds of the Company.

## 2. Chapter 11 Filing of the Subsidiaries

**NOW, THEREFORE, BE IT RESOLVED**, that, the Board has determined, after consultation with the management and the legal and financial advisors of the Company, that, in connection with the Company Chapter 11 Case, it is desirable and in the best interests of the Company for certain of its direct and indirect subsidiaries (the "**Subsidiaries**") to file a petition seeking relief under the provisions of the Bankruptcy Code (the "**Subsidiary Chapter 11 Cases**" and, together with the Company Chapter 11 Case, the "**Chapter 11 Cases**") and to negotiate, execute, deliver, and file all plans, petitions, schedules, motions, lists, applications, pleadings, and other documents in the Bankruptcy Court; and

**FURTHER RESOLVED**, that each Authorized Signatory, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, in the Company's capacity as member, shareholder, or partner or the equivalent thereof, as the case may be, of each of its Subsidiaries, to cause such Subsidiaries to take all of the actions on behalf of such Subsidiaries that an Authorized Signatory is herein authorized to take on behalf of the Company.

3. **Retention of Professionals**

**NOW, THEREFORE, BE IT RESOLVED**, that the retention of professionals to assist the Company in carrying out its duties under the Bankruptcy Code is desirable and in the best interests of the Company;

**FURTHER RESOLVED**, that the retention of Weil, Gotshal & Manges LLP ("**Weil**"), as attorneys for the Company in the Chapter 11 Cases pursuant to the engagement letter between the Company and Weil, subject to Bankruptcy Court approval, is hereby ratified, authorized and approved;

**FURTHER RESOLVED**, that the retention of AP Services LLC ("**AlixPartners**"), as financial advisor for the Company in the Chapter 11 Cases pursuant to the engagement letter between the Company and AlixPartners, subject to Bankruptcy Court approval, is hereby ratified, authorized and approved;

**FURTHER RESOLVED**, that the retention of Lazard Frères & Co. LLC ("**Lazard**"), as investment banker for the Company in the Chapter 11 Cases pursuant to the engagement letter among the Company, Lazard and Weil, subject to Bankruptcy Court approval, is hereby ratified, authorized and approved;

**FURTHER RESOLVED**, that the retention of Leerink Partners LLC ("**Leerink**"), as healthcare investment banker for the Company in the Chapter 11 Cases, pursuant to the engagement letter among the Company, Leerink and Weil, subject to Bankruptcy Court approval, is hereby ratified authorized and approved;

**FURTHER RESOLVED**, that the retention of Cain Brothers ("**Cain**"), a division of KeyBanc Capital Markets Inc., as hospital investment banker for the Company in the Chapter 11 Cases, pursuant to the engagement letter among the Company, Cain and Weil, subject to Bankruptcy Court approval, is hereby ratified, authorized and approved;

**FURTHER RESOLVED**, that the retention of McDermott Will & Emery LLP ("**MWE**"), as healthcare and regulatory counsel for the Company in the Chapter 11 Cases, pursuant to the engagement letter between SHC LLC (as defined below) and MWE, subject to Bankruptcy Court approval, is hereby ratified, authorized and approved;

**FURTHER RESOLVED**, that the retention of Kroll Restructuring Administration LLC ("**Kroll**"), as claims and noticing agent in the Chapter 11 Cases, pursuant to the engagement letter between SHC LLC (as defined below) and Kroll, subject to Bankruptcy Court approval, is hereby ratified, authorized and approved; and

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to retain professionals and advisors to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to

be filed an appropriate application for authority to retain the services of any professionals and advisors as necessary, proper or desirable.

### 4.  Appointment of Chief Restructuring Officer

**WHEREAS**, the Board believes that it is advisable and in the best interests of the Company to appoint John R. Castellano as Chief Restructuring Officer of the Company with the roles and responsibilities as described in the engagement letter by and between AlixPartners and the Company (as amended by Addendum 1 on May 1, 2024 and Addendum 2 on May 5, 2024, the "**CRO Engagement Letter**").

**NOW, THEREFORE, BE IT RESOLVED**, that the Board hereby designates John R. Castellano as Chief Restructuring Officer of the Company;

**FURTHER RESOLVED**, that the Board hereby authorizes and approves in all respects (i) the form, terms, and provisions of the CRO Engagement Letter, (ii) the execution and delivery by the Company of the CRO Engagement Letter and (iii) the performance by the Company of its duties and obligations thereunder;

**FURTHER RESOLVED**, that the Chief Restructuring Officer is authorized and directed to perform all acts and deeds and to execute and deliver all necessary documents on behalf of the Company in accordance with the scope outlined in the CRO Engagement Letter; and

**FURTHER RESOLVED**, that the Chief Restructuring Officer shall report to the Board or other officers of the Company, as directed by the Board, and at the request of the Board, shall make recommendations to and consult with the Board.

### 5.  Debtor-in-Possession Financing and Cash Collateral

**WHEREAS,** the Company proposes to enter into a secured debtor-in-possession financing transaction (such transaction, the "**DIP Financing**") as of or about the commencement of the Chapter 11 Cases to be evidenced by a binding term sheet, promissory note and/or credit agreement (as may be amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "**DIP Financing Agreements**"), on terms and conditions substantially consistent with those presented to the Board, with any amendments, modifications, alterations or changes thereto as may be approved by the Transformation Committee or any Authorized Signatory, and subject to approval of the Bankruptcy Court;

**WHEREAS**, the Company desires to guaranty the payment and performance of the obligations (other than the Company's own primary obligations) under the DIP Financing Agreements and the other Additional DIP Financing Documents (as defined below) and grant security interests in and liens upon substantially all of its assets as collateral for the obligations under the DIP Financing Agreements and the other Additional DIP Financing Documents; and

**WHEREAS**, it is hereby deemed that the DIP Financing Agreements and the Additional DIP Financing Documents to which the Company is a party, the execution and delivery thereof, the performance of the Company's obligations thereunder and the transactions contemplated thereby, are advisable and in the best interests of the Company.

**NOW, THEREFORE, BE IT RESOLVED**, that it is advisable and in the best interest of the Company to enter into the DIP Financing and that (a) the form, terms, and conditions of, the DIP Financing Agreements, together with any amendments, modifications, alterations, or changes thereto as may be approved by any Authorized Signatory, (b) the execution, delivery, and performance by the Company of the DIP Financing Agreements and the Additional DIP Financing Documents (as defined below), and the consummation of the transactions contemplated thereunder, including, if applicable, the borrowing (and repayment) of any loans or funds or any other extension of credit under the DIP Financing Agreements and any Additional DIP Financing Document, the guaranty of any obligations under the DIP Financing Agreements and any Additional DIP Financing Document, and the use of proceeds to provide liquidity for the Company and its subsidiaries and affiliates throughout the Chapter 11 Cases, (c) the grant of security interests in all or any portion of the Company's assets to secure any obligations under the DIP Financing Agreements and any Additional DIP Financing Documents, (d) if applicable, the repayment, refinancing, termination, or other treatment of existing third-party debt of the Company and any other existing indebtedness pursuant to the terms of the DIP Financing Agreements and/or any Additional DIP Financing Document and (e) the execution, delivery, and performance by the Company, to the extent it is party thereto, of all agreements, security, guarantee or collateral documents, mortgages, financing statements, documents, promissory notes, instruments, notices, certificates, stock powers, payoff letters, fee letters, engagement letters, and all other related documents, including exhibits and schedules thereto or that are otherwise necessary, advisable, desirable, or appropriate (in the determination of any Authorized Signatory) to be executed and delivered by the Company in connection with the DIP Financing Agreements, in each case, in such form and substance as may be approved by any Authorized Signatory (each an "**Additional DIP Financing Document**" and collectively, the "**Additional DIP Financing Documents**"), are hereby in all respects authorized and approved, and that each Authorized Signatory, any one of whom may act without the joinder of any of the others, be, and they hereby are, authorized, empowered, and directed to do and perform, or cause to be done and performed all such acts and things and to sign and deliver or cause to be signed and delivered, all such documents, agreements, certificates, and other instruments, and to take all such other actions as are necessary, advisable, desirable, or appropriate in order to effectuate the purpose and intent of the foregoing resolutions;

**FURTHER RESOLVED**, that the granting by the Company of liens on and security interests in any or all of its assets to secure any obligations under the DIP Financing Agreements and any Additional DIP Financing Documents and the filing and recording of any UCC financing statements, fixture filings, intellectual property filings, or any other documents and the taking of any other actions necessary, advisable, desirable, or appropriate to perfect such security interests, are hereby authorized and approved, and each Authorized Signatory is authorized on behalf of the Company to execute and deliver any such other perfection documents or instruments, including, without limitation, continuation statements, and pay such fees, taxes, and expenses, as necessary;

**FURTHER RESOLVED**, that the pledge by the Company of any equity interest held by it, the transfer of such equity interest to the administrative agent or collateral agent for the DIP Financing (the "**DIP Agent**") or any nominee thereof and any transfer from time to time by the DIP Agent or its nominee to any other person pursuant to the exercise of any rights under the DIP Financing Agreements and all steps required of the Company to give effect to such pledge and transfers, including the issuance of certificates of ownership and the entering of the names of any transferees onto the subsidiaries' equity holder registers, are hereby approved; and that each Authorized Signatory is hereby authorized, empowered, and directed on behalf of the Company, to execute and deliver any such other transfer documents or instruments;

**FURTHER RESOLVED**, that each Authorized Signatory, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to take all actions (including, without limitation, (a) the negotiation, execution, delivery, and filing of any agreements, letters, certificates, or other instruments or documents, including the filing of UCC financing statements, fixture filings, intellectual property filings or mortgage, (b) any increase in the principal amount of any obligation, (c) the modification or amendment of any of the terms and conditions of the DIP Financing Agreements and/or any Additional DIP Financing Document to the extent the Company is a party, (d) the payment of any consideration, and (e) the payment of expenses, fees, and taxes) as any such Authorized Signatory may deem necessary, advisable, desirable, or appropriate (such acts to be conclusive evidence that such Authorized Signatory, in his or her sole discretion, deemed the same to be necessary, advisable, desirable, or appropriate) in order to effect the transactions contemplated under the DIP Financing Agreements or any Additional DIP Financing Document to the extent the Company is a party, and all acts of any such Authorized Signatory taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified, and confirmed in all respects as the acts and deeds of the Company;

**FURTHER RESOLVED**, that the execution, delivery, and performance of each of the documents described in the foregoing resolutions is necessary or convenient to the conduct, promotion, or attainment of the business and purposes of the Company and its subsidiaries;

**FURTHER RESOLVED**, that, to the extent applicable, the Authorized Signatories may seek Bankruptcy Court approval, for the use of the cash collateral by the Company and its subsidiaries under, to the extent applicable, (i) that certain Credit Agreement, dated as of February 21, 2024 (as amended, restated, amended and restated, supplemented, refinanced or otherwise modified from time to time), by and among Steward Health Care Network, Inc., a Delaware corporation, Steward Emergency Physicians, Inc., a Massachusetts corporation, Steward Physician Contracting, Inc., a Massachusetts corporation, Steward Medicaid Care Network, Inc., a Delaware corporation, Stewardship Health, Inc., a Delaware corporation, Stewardship Health Medical Group, Inc., a Massachusetts corporation, and Stewardship Services Inc., a Delaware corporation (collectively, the "**Stewardship Borrower**"), the other Loan Parties (as defined therein) party thereto, the Lenders (as defined therein) party thereto, and Brigade Agency Services LLC, as the Administrative Agent (as defined therein) and the Collateral Agent (as defined therein), (ii) that certain Credit Agreement, dated as of August 4, 2023 (as amended, restated, amended and restated, supplemented, refinanced or otherwise modified from time to time), by and among Steward Health Care System LLC, a Delaware limited liability company ("**SHC LLC**"), as the borrower, the other

affiliates and subsidiaries of the borrower party thereto, the lenders party thereto, Sound Point Agency LLC, as administrative agent, and Chamberlain Commercial Funding (Cayman) L.P., as collateral agent, (iii) that certain Amended and Restated Promissory Note, dated as of April 25, 2024 (as amended, restated, amended and restated, supplemented, refinanced or otherwise modified from time to time), by the Stewardship Borrower in favor of MPT TRS Lender-Steward, LLC, a Delaware limited liability company (the "**MPT Lender**"), and (iv) that certain Third Amended and Restated Promissory Note, dated as of January 22, 2024 (as amended, restated, amended and restated, supplemented, refinanced or otherwise modified from time to time), by SHC LLC and the MPT Lender;

**FURTHER RESOLVED**, that the signature of any Authorized Signatory of the Company to the DIP Financing Agreements, the Additional DIP Financing Documents or any other documents in connection therewith shall be conclusive evidence of the authority of such Authorized Signatory, in the name and on behalf of the Company, to execute and deliver such document to which the Company is a party; and

**FURTHER RESOLVED**, that any and all past actions heretofore taken by any Authorized Signatory of the Company, in the name and on behalf of the Company, or for the benefit of, the Company or in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

## 6. <u>Amendment to the Transformation Committee Charter</u>

**WHEREAS**, the Board has determined, after consultation with legal and financial advisors of the Company, that it is desirable and in the best interests of the Company, its creditors, and other stakeholders to amend the Transformation Committee Charter to modify the authority of the Transformation Committee as set forth in the Amendment to the Transformation Committee Charter attached hereto as <u>Exhibit A</u> (the "**Amendment**").

**NOW, THEREFORE, BE IT RESOLVED**, that the Amendment is hereby approved and authorized in all respects;

**FURTHER RESOLVED**, that any officer of the Company, acting alone or with one or more other officers of the Company be, and hereby are, authorized, empowered, and directed to take any and all action consistent with the foregoing resolutions that they deem necessary, proper, or advisable to carry out fully the intent and purposes of the foregoing resolutions, including furnishing to the Transformation Committee all information as the Transformation Committee may request and directing other employees to take any such action;

**FURTHER RESOLVED**, that the Transformation Committee be, and hereby is, authorized to take all such further action, at the Company's expense, as the Transformation Committee shall deem necessary, proper, or advisable consistent with the foregoing resolutions or to carry out fully the intent and purposes of the foregoing resolutions; and

**FURTHER RESOLVED**, that any and all action taken by the (a) the Transformation Committee and (b) the directors or officers of the Company with respect to any action authorized by the foregoing resolutions prior to the date hereof be, and hereby are, approved, adopted, ratified, and confirmed in all respects.

7. <u>**Termination of the Deferred Compensation Plans and Notification of Insolvency to Trustees of Trusts**</u>

**WHEREAS**, SHC LLC maintains the Steward Health Care Deferred Compensation Plan, as amended and restated effective December 31, 2015 (the "**Steward DC Plan")**, and IASIS Healthcare LLC ("**IASIS**"), a subsidiary of the Company, maintains the IASIS Healthcare Executive Savings Plan, effective July 1, 2006 (the "**IASIS DC Plan**", together with the Steward DC Plan, the "**Deferred Compensation Plans**"); and

**WHEREAS**, each of SHC LLC and IASIS desires to terminate the applicable Deferred Compensation Plan subject to Bankruptcy Court approval, effective as of the date hereof, and in accordance with Treasury Regulation Section 1.409A-3(j)(4)(ix)(A) (the "**Termination**").

**NOW, THEREFORE, BE IT RESOLVED**, that the Termination is hereby approved and authorized in all respects.

8. <u>**General Resolutions**</u>

**NOW, THEREFORE, BE IT RESOLVED**, that the Authorized Signatories be, and each of them hereby is, authorized, empowered, and directed to execute, acknowledge, verify, deliver, and file any and all such other agreements, documents, instruments, and/or certificates and to take such other actions as may be necessary, proper or appropriate in order to carry out the intent and purposes of any of the foregoing resolutions;

**FURTHER RESOLVED**, that, to the extent that the Company serves as the sole member, sole manager, board of directors, or other governing body (collectively, a "**Controlling Company**"), in each case, of any other company (a "**Controlled Company**"), each Authorized Signatory of the Company, who may act without the joinder of any other Authorized Signatory, be, and hereby is, authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to (i) authorize such Controlled Company to take any action that the Company is authorized to take hereunder and (ii) take any action on behalf of such Controlled Company that an Authorized Signatory is herein authorized to take on behalf of such Controlling Company;

**FURTHER RESOLVED**, that any and all actions heretofore or hereafter taken and expenses incurred in the name of and on behalf of the Company by any officer, manager, or other Authorized Signatory in connection with or related to the matters set forth or contemplated by any of the foregoing resolutions be, and they hereby are, approved, ratified, and confirmed in all respects as fully as if such actions had been presented to and approved by the Board prior to such actions being taken;

**FURTHER RESOLVED**, that any Authorized Signatory is hereby authorized to certify to third parties with respect to adoption of any of the foregoing resolutions in the form and substance satisfactory to them; and

**FURTHER RESOLVED**, that the Secretary of the Company is hereby directed to file a copy of this Action by Written Consent with the corporate records of the Company.

**IN WITNESS WHEREOF**, the undersigned members of the Board of Managers have executed this consent as of the date first written above.

<u>**BOARD OF MANAGERS**</u>:

By: _Hon. John A. Boehner_
Name: Hon. John A. Boehner

By: _Michael Callum, M.D._
Name: Michael Callum, M.D.

By: _[signature]_
Name: Ralph de la Torre, M.D.

By: _[signature]_
Name: Carlos M. Hernandez

By: _James J. Karam_
Name: James J. Karam

By: _[signature]_
Name: Ruden King-Shaw, Jr.

By: _Sr. Vimala Vadakumpadan_
Name: Sr. Vimala Vadakumpadan

By: _Mark Rich_
Name: Mark Rich

By: _William Transier_
Name: William Transier

By: _Alan Carr_
Name: Alan Carr

**EXHIBIT A**

[Omitted]

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name: <u>Steward Health Care Holdings LLC</u>

United States Bankruptcy Court for the <u>Southern District of Texas</u>
<div align="center">(State)</div>

Case number (*If known*):     24-_____  (   )

☐ Check if this is an
   amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

<div align="right">12/15</div>

**A list of consolidated creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Change Healthcare LLC  Attn.: Chris Zaetta, General Counsel  2771 Momentum Place  Chicago, Illinois 60689-5327 | Attn.: Chris Zaetta, General Counsel  Phone: (888) 445-8745  Email: czaetta@optum.com | Trade Debt & Advances | | | | $71,070,544.59 |
| 2 | Philips North America LLC  Attn.: Mark Collins, Director of Corporate Accounts  22100 Bothell-Everett Highway, MS 522  Bothell, Washington 98021 | Attn.: Mark Collins, Director of Corporate Accounts  Phone: (609) 668-7299  Email: mark.collins@philips.com | Trade Debt | | | | $50,189,970.00 |
| 3 | Medline Industries, LP  Attn.: Jeff Fair, VP of National Accounts  1 Medline Place  Mundelein, Illinois 60060 | Attn.: Jeff Fair, VP of National Accounts  Phone: (615) 504-3930  Email: jfair@medline.com | Trade Debt | | | | $43,245,837.88 |
| 4 | AYA Healthcare, Inc.  Attn.: Laura MacNeel, General Counsel  5930 Cornerstone Court West, Suite 300  San Diego, California 92121 | Attn.: Laura MacNeel, General Counsel  Phone: (866) 687-7390  Email: lmacneel@ayahealthcare.com | Trade Debt & Litigation | Disputed | | | $42,247,240.44 |
| 5 | Cerner Corporation  Attn.: Robert Boston  511 Union Street, Suite 2700  Nashville, Tennessee 37219-8966 | Attn.: Robert Boston  Phone: (615) 850-8953  Email: bboston@wallerlaw.com | Trade Debt & Litigation | Disputed | | | $37,510,259.16 |
| 6 | Center for Medicare and Medicaid Services  Attn.: T. Whitmore - Overpayment Recovery Unit  P.O. Box 7040  Indianapolis, Indiana 46207-7040 | Attn.: T. Whitmore - Overpayment Recovery Unit  Phone: (800) 633-4227  Email: jkextendedrepaymentschedules@anthem.com | MAAPP Loans | | | | $32,162,911.00 |
| 7 | Cross Country Healthcare, Inc.  Attn.: Susan E. Ball, General Counsel  6551 Park of Commerce Boulevard  Boca Raton, Florida 33487 | Attn.: Susan E. Ball, General Counsel  Phone: (561) 998-2232  Email: sball@crosscountry.com | Trade Debt | | | | $31,084,880.39 |

| Debtor | Steward Health Care Holdings LLC | Case number (if known) | 24-_____ ( ) |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 Prolink Healthcare, LLC Attn.: Tony Munafo, President & CEO 4050 E. Cotton Center Boulevard Building 3, Suite 37 Phoenix, Arizona 85040 | Attn.: Tony Munafo, President & CEO Phone: (602) 883-4525 Email: marketing@prolink.com | Trade Debt & Litigation | Disputed | | | $30,771,115.61 |
| 9 Internal Revenue Service Attn.: Centralized Insolvency Operation P.O. Box 7346 Philadelphia, Pennsylvania 19101 | Attn.: Centralized Insolvency Operation Phone: (800) 973-0424 Facsimile: (855) 235-6787 | CARES Act Deferred FICA Tax Liability | | | | $28,357,915.63 |
| 10 Centura Health Corporation Attn.: Tom Donohoe, SVP & General Counsel 2800 Rockcreek Parkway Kansas City, Missouri 64117 | Attn.: Tom Donohoe, SVP & General Counsel Phone: (720) 215-9662 Email: tomdonohoe@centura.org | Contractual Obligation | | | | $28,095,544.05 |
| 11 Medtronic, Inc. Attn.: Ivan Fong, EVP & General Counsel 8200 Coral Sea Street NE, MVC 22 Mounds View, Minnesota 55112 | Attn.: Ivan Fong, EVP & General Counsel Phone: (763) 526-1356 Email: ifong@medtronic.com | Trade Debt | | | | $24,729,130.00 |
| 12 Sodexo, Inc. Attn.: Daniel T. Bueschel, CEO, Healthcare P.O. Box 360170 Pittsburgh, Pennsylvania 15262-0001 | Attn.: Daniel T. Bueschel, CEO, Healthcare Phone: (215) 867-4721 Email: daniel.bueschel@sodexo.com | Trade Debt | | | | $15,474,541.53 |
| 13 Becton, Dickinson and Company Attn.: Chris Bresnahan, Sr. Portfolio Manager 1 Becton Drive Franklin Lakes, New Jersey 07417-1880 | Attn.: Chris Bresnahan, Sr. Portfolio Manager Phone: (619) 816-1044 Email: christopher.bresnahan@bd.com | Trade Debt | | | | $14,967,528.36 |
| 14 Florida Agency for Healthcare Administration Attn.: Andrew T. Sheeran, General Counsel 2727 Mahan Drive Tallahassee, Florida 32308 | Attn.: Andrew T. Sheeran, General Counsel Phone: (800) 955-8771 Email: andrew.sheeran@ahca.myflorida.com | Trade Debt | | | | $14,492,098.16 |
| 15 Crothall Healthcare, Inc. Attn.: Michael Villani 1500 Liberty Ridge Drive Wayne, Pennsylvania 19087 | Attn.: Michael Villani Phone: (718) 490-5084 Email: michael.villani@crothall.com | Trade Debt | | | | $14,070,633.05 |
| 16 Zimmer Biomet, Inc. Attn.: Chad Phipps 345 East Main Street Warsaw, Indiana 46580 | Attn.: Chad Phipps Phone: 1 (800) 348-9500 Email: legal.americas@zimmerbiomet.com | Trade Debt | | | | $12,570,962.27 |
| 17 Express Scripts, Inc. Attn.: Adam Kautzner, President 21653 Network Place Chicago, Illinois 60673-1216 | Attn.: Adam Kautzner, President Phone: (860) 810-6523 Email: awkautzner@express-scripts.com | Trade Debt | | | | $11,511,844.11 |
| 18 HNI Healthcare, Inc. Attn.: Michael Gonzales, CEO & Founder 7500 Rialto Boulevard, Building 1, Suite 140 Austin, Texas 78735 | Attn.: Michael Gonzales, CEO & Founder Phone: (512) 730-3060 Email: mgonzales@hnihealthcare.com | Trade Debt & Litigation | Disputed | | | $11,300,634.08 |

| Debtor | Steward Health Care Holdings LLC | Case number (if known) | 24-_____ ( ) |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | CloudMed, LLC<br>Attn.:  Kyle Hicok<br>1100 Peachtree Street, Suite 1900<br>Atlanta, Georgia 30309 | Attn.:  Kyle Hicok<br>Phone: (651) 788-5080<br>Email: khicok@r1rcm.com | Trade Debt | | | $10,517,645.63 |
| 20 | Synergi Partners, Inc.<br>Attn.:  Tanisha Johnson, Manager of Financial Services<br>151 W. Evans Street<br>Florence, South Carolina 29501 | Attn.:  Tanisha Johnson, Manager of Financial Services<br>Phone: (843) 519-0808 (ext. 23395)<br>Email: tjohnson@synergipartners.com | Trade Debt | | | $10,112,309.75 |
| 21 | Stryker Corp.<br>Attn.:  Josh Clark, Director of Strategic Sales<br>1941 Stryker Way<br>Portage, Michigan 49002 | Attn.:  Josh Clark, Director of Strategic Sales<br>Phone: (269) 389-2963<br>Email: josh.clark@stryker.com | Trade Debt | | | $8,387,409.66 |
| 22 | Abbott Healthcare, Inc.<br>Attn.:  Craig Ogg<br>100 Abbott Park Road<br>Abbott Park, Illinois 60064 | Attn.:  Craig Ogg<br>Phone: (404) 432-9550<br>Email: craig.ogg@abbott.com | Trade Debt | | | $8,172,673.67 |
| 23 | General Electric Company<br>Attn.:  Frank R. Jimenez<br>9900 W. Innovation Drive<br>Wauwatosa, Wisconsin 53226 | Attn.:  Frank R. Jimenez<br>Phone: (800) 437-1171<br>Email: frank.jimenez@gehealthcare.com | Trade Debt | | | $7,577,883.91 |
| 24 | Health Catalyst, Inc.<br>Attn.:  Jason Alger, CAO<br>10897 S. River Front Parkway, Suite 300<br>South Jordan, Utah 84095 | Attn.:  Jason Alger, CAO<br>Phone: (855) 309-6800<br>Email: jason.alger@healthcatalyst.com | Trade Debt | | | $7,118,044.20 |
| 25 | PricewaterhouseCoopers Advisory Services LLC<br>Attn.:  David Tyburski<br>4040 W. Boy Scout Boulevard<br>Tampa, Florida 33607 | Attn.:  David Tyburski<br>Phone: (347) 405-4430<br>Email: david.t.tyburski@pwc.com | Trade Debt | | | $6,319,006.08 |
| 26 | Advantage Healthcare Staffing Services LLC<br>Attn.:  Pat Treacy, General Counsel<br>191 Rosa Parks Street, 10th Floor<br>Cincinnati, Ohio 45202 | Attn.:  Pat Treacy, General Counsel<br>Email: patrick.treacy@staffmarkgroup.com | Trade Debt | | | $6,273,801.18 |
| 27 | Sound Physicians Anesthesiology of Texas, PLLC<br>Attn.:  Steven McCarty, General Counsel<br>1498 Pacific Avenue, Suite 500<br>Tacoma, Washington 98402 | Attn.:  Steven McCarty, General Counsel<br>Phone: (855) 768-6363<br>Email: steven.m.mccarty@gmail.com | Trade Debt | | | $6,137,435.75 |
| 28 | Boston Scientific Corporation<br>Attn.:  Vance R. Brown, General Counsel<br>300 Boston Scientific Way<br>Marlborough, Massachusetts 01752-1234 | Attn.:  Vance R. Brown, General Counsel<br>Phone: (508) 683-5389<br>Email: brownv@bsci.com | Trade Debt | | | $5,395,863.75 |

| Debtor | Steward Health Care Holdings LLC | | | Case number (if known) | 24-_____ (   ) |
|---|---|---|---|---|---|
| | Name | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29  Finthrive, Inc.<br>Attn.:  Jen Do<br>7950 Legacy Drive, Suite 900<br>Plano, Texas 75024 | Attn.:  Jen Do<br>Phone:  (972) 813-4224<br>Email:  tsg@finthrive.com | Trade Debt | | | | $5,376,881.39 |
| 30  ProMedical, LLC<br>Attn.:  Doug Lucente, CEO<br>1 Militia Drive<br>Lexington, Massachusetts 02421 | Attn.:  Doug Lucente, CEO<br>Phone:  (800) 722-1555<br>Email:  lucente@promedllc.com | Trade Debt | | | | $5,237,669.08 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| **STEWARD HEALTH CARE** | § | Case No. 24-_____ ([●]) |
| **HOLDINGS LLC,** | § |  |
|  | § |  |
| Debtor. | § |  |
|  | § |  |

**CONSOLIDATED CORPORATE OWNERSHIP
STATEMENT PURSUANT TO FED. R. BANKR. P. 1007 AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), attached hereto as **Exhibit A** is an organizational chart reflecting the ownership interests in Steward Health Care Holdings LLC and its debtor affiliates (each, a "**Debtor**" and collectively, the "**Debtors**").  Debtors respectfully represent as follows:

1.     Steward Health Care Investors LLC and MPT Sycamore Opco LLC, each a non-Debtor, own approximately 90.1% and 9.9%, respectively, of the outstanding equity interests in Debtor Steward Health Care Holdings LLC.  Steward Health Care Holdings LLC owns 100% of the outstanding equity interests in Debtor Steward Health Care System LLC.

2.     Steward Health Care System LLC owns, directly or indirectly, 100% of the outstanding equity interests in the remaining Debtors with the following exceptions:[1]

      a.     Collom & Carney Clinic Association, a non-Debtor, owns approximately 11.62% of the outstanding equity interests in Debtor Brim Healthcare of Texas, LLC.

---

[1]     Only non-Debtor corporations that directly own 10% or more of a Debtor's outstanding equity interests are included below.

b.   Radiology Associates of Norwood, Inc., a non-Debtor, owns 25% of the outstanding equity interests in Debtor Steward PET Imaging, LLC.

c.   TRACO International Group S. DE R.L., a non-Debtor, owns 30.17% of Davis Hospital & Medical Center, LP.

d.   TRACO International Group S. DE R.L., a non-Debtor, owns 12.36% of Odessa Regional Hospital, LP.

e.   TRACO International Group S. DE R.L., a non-Debtor, owns 99.99% of TRACO Investment Management LLC.

3.      To the best of the Debtors' knowledge and belief, except as set forth above, no other corporation directly or indirectly owns 10% or more of the outstanding equity interests of any Debtor.

## __Exhibit A__

**Organizational Chart**





Steward

Steward Health Care Holdings LLC (DE)
Steward Health Care System LLC (DE)
Steward Imaging & Radiology Holdings LLC (DE)
75%
Steward PET Imaging LLC (MA)
Breast Imaging Centers of Florida, LLC (FL)
51%
Steward Florida Holdings LLC (DE)
Steward Florida ASC LLC (DE)
Steward NSMC, Inc. (DE)
Steward CGH, Inc. (DE)
Steward FMC, Inc. (DE)
Steward PGH, Inc. (DE)
NeuroSkeletal Imaging, LLC (FL)
51%
Brevard SHC Holdings LLC (DE)
Steward HH, Inc. (DE)
Steward Rockledge Hospital, Inc. (DE)
Steward Anesthesiology Physicians of Florida, Inc. (DE)
Steward Sebastian River Medical Center, Inc. (DE)
Steward Melbourne Hospital, Inc. (DE)
Steward Hospital Holdings LLC (DE)
Steward Carney Hospital, Inc. (DE)
Steward Good Samaritan Medical Center, Inc. (DE)
Steward Norwood Hospital, Inc. (DE)
Steward Holy Family Hospital, Inc. (DE)
Steward Florida ALF LLC (DE)
Steward St. Anne's Hospital Corporation (DE)
Steward Hospital Holdings Subsidiary One, Inc. (DE)
Steward St. Elizabeth's Medical Center of Boston, Inc. (DE)
Steward Employer Solutions LLC (DE)
Steward Operations Holdings LLC (DE)
Steward Fall River Management Care Services LLC (DE)
Steward Valley Regional Ventures, Inc. (DE)
Steward Good Samaritan Radiation Oncology Center, Inc. (DE)
Steward St. Elizabeth's Realty Corp. (DE)
66%
Steward Health Care International LLC (DE)
Steward-Compass Ventures, LLC (DE)
75%
Steward New England Initiatives, Inc. (DE)
Miller Street Medical Center, LLC (MA)
Steward Good Samaritan Occupational Health Services, Inc. (DE)
Steward Medical Ventures, Inc. (MA)
Boston Orthopedic Center, LLC (MA)
Stewardship Health, Inc. (DE)
Steward Special Projects LLC (DE)
Stewardship Health Medical Group, Inc. (MA)
48.83%
Altus ACE, LLC (TX)
Stewardship Services Inc. (DE)
Steward Health Care Network, Inc. (DE)
Steward Accountable Care Organization, Inc. (DE)
Steward Health Care Network ACO Texas, Inc. (TX)
Steward Healthcare Management Services LLC (DE)
Steward Medicaid Care Network, Inc. (DE)
Steward Medical Holdings LLC (DE)
Blackstone Medical Center, Inc. (DE)
Blackstone Rehabilitation Hospital, Inc. (DE)
Morton Hospital, A Steward Family Hospital, Inc. (DE)
Steward Easton Hospital, Inc. (DE)
Nashoba Valley Medical Center, A Steward Family Hospital, Inc. (DE)
New England Sinai Hospital, A Steward Family Hospital, Inc. (DE)
Quincy Medical Center, A Steward Family Hospital, Inc. (DE)
Steward Pennsylvania Holdings LLC (DE)
Steward Sharon Regional Health System, Inc. (DE)
51%
Sharon Regional Diagnostic & Imaging Center, Neshannock LLC (PA)
Steward ASC Holdings LLC (DE)
Steward TSC Investments LLC (DE)
9%
Texarkana Surgery Center, LP (DE)
IASIS Healthcare Corporation (DE)
Steward Ohio Holdings LLC (DE)
SHC Youngstown Ohio Laboratory Services Co. LLC (DE)
SHC Youngstown Ohio PSC LLC (DE)
Steward Trumbull Memorial Hospital, Inc. (DE)
SHC Youngstown Ohio Outpatient Services LLC (DE)
Steward Hillside Rehabilitation Hospital, Inc. (DE)
0.01%
TRACO Investment Management LLC (DE)
99.99%
99%
TRACO International Group S. DE R.L. (Panama)
1%
Steward Medical Group, Inc. (MA)
1%
99%
Apice Health LLC (Panama)
Boston Sports Medicine and Research Institute, LLC (MA)
OnSite Care, Inc. (DE)
OnSite Care MSO, LLC (DE)
Steward Anesthesiology Physicians of Pennsylvania, Inc. (DE)
Steward Emergency Physicians of Florida, Inc. (DE)
Steward Emergency Physicians of Pennsylvania, Inc. (MA)
Steward Emergency Physicians Ohio, Inc. (MA)
Steward Emergency Physicians, Inc. (MA)
Steward Medical Group Express Care, Inc. (MA)
Steward Medical Group Pennsylvania Endoscopy LLC (DE)
Steward Pathology Physicians of Massachusetts, Inc. (MA)
Steward Physician Contracting, Inc. (MA)
Steward Radiology Physicians of Florida, Inc. (DE)
Steward Radiology Physicians of Massachusetts, Inc. (MA)
Steward Radiology Physicians of Pennsylvania, Inc. (DE)
Steward Anesthesiology Physicians of Massachusetts, Inc. (MA)
50%
Orchard Surgical Center, LLC (NH)
50%
Massachusetts Express Care, PLLC (MA)
1% 99%
Mesa General Hospital, LP (DE)
1% 99%
MT Transition LP (DE)
IASIS Healthcare LLC (DE)
1% 99%
PP Transition LP (DE)
1% 99%
St. Luke's Behavioral Hospital, LP (DE)
1% 99%
St. Luke's Medical Center, LP (DE)
1% 99%
TNC Transition LP (DE)
Arizona Diagnostic & Surgical Center, Inc. (DE)
Choice Care Clinic of Louisiana, Inc. (DE)
Choice Care Clinic of Utah, Inc. (DE)
Davis Surgical Center Holdings, Inc. (DE)
Glenwood Specialty Imaging, LLC (DE)
HC Essential Co. (TX)
Health Choice Florida, Inc. (FL)
Health Choice Louisiana, Inc. (LA)
Health Choice Managed Care Solutions LLC (DE)
Health Choice Preferred Louisiana ACO LLC (DE)
Health Choice Preferred Louisiana Physician Association LLC (DE)
Health Choice Preferred Texas ACO – Alamo Region LLC (DE)
Health Choice Preferred Texas ACO – Gulf Coast Region LLC (DE)
Health Choice Preferred Texas Physician Association – Alamo Region LLC (DE)
Health Choice Preferred Texas Physician Association – Gulf Coast Regional LLC (DE)
IASIS Capital Corporation (DE)
IASIS Finance II LLC (DE)
IASIS Finance III LLC (DE)
IASIS Management Company (DE)
IASIS Transco, Inc. (DE)
Indigent Care Services of Northeast Louisiana, Inc. (DE)
Odessa Fertility Lab, Inc. (DE)
Physician Group of Florida, Inc. (DE)
Physician Group of Louisiana, Inc. (DE)
Physician Group of Utah, Inc. (UT)
PP Transition, Inc. (DE)
Riverwoods ASC Holdco LLC (DE)
Seaboard Development Port Arthur LLC (DE)
Southridge Plaza Holdings, Inc. (DE)
Steward Emergency Physicians of Arizona, Inc. (DE)
Steward Health Care OZ Fund, Inc. (DE)
Steward Health Choice, Inc. (AZ)
Steward Radiology Physicians of Arizona, Inc. (DE)
Salt Lake Regional Physicians, Inc. (DE)
Steward Texas Hospital Holdings LLC (D/B/A Scenic Mountain Medical Center) (DE)
Utah Transcription Services, Inc. (DE)
70%
Heritage Technologies, LLC (AZ)
80%
Podiatric Physicians Management of Arizona, Inc. (AZ)
93.57%
1%
Southwest General Hospital, LP (DE)
Biltmore Surgery Center Holdings, Inc. (DE)
Biltmore Surgery Center, Inc. (AZ)
Health Choice Northern Arizona LLC (AZ)
52%
Health Choice Integrated Care, LLC (AZ)
TRACO International Group S. DE R.L.
12.36%
32.79%
42.5374%
Steward Health Care OZ Fund, Inc.
Odessa Regional Hospital, LP (DE)
Permian Basin Clinical Services, Inc. (TX)
IASIS Finance, Inc. (DE)
IASIS Finance Texas Holdings, LLC (DE)
Seaboard Development LLC (UT)
Mountain Point Holdings LLC (DE)
98.9%
Mountain Vista Medical Center, LP (DE)
Davis Hospital Holdings, Inc. (DE)
62.43%
1.57%
Davis Hospital & Medical Center, LP (DE)
30.17%
TRACO International Group S. DE R.L.
Jordan Valley Hospital Holdings, Inc. (DE)
79.36%
0.83%
Jordan Valley Medical Center, LP (DE)
17.43%
IASIS Healthcare LLC
97.7%
Salt Lake Regional Medical Center, LP (DE)
1%
50%
Health Choice Preferred Arizona ACO LLC (DE)
50%
Physician Group of Arizona, Inc. (DE)
33.3%
Health Choice Preferred Arizona Physician Association LLC (DE)
Health Choice Utah ACO LLC (DE)
50%
HealthUtah Holdco LLC (UT)
Beaumont Hospital Holdings, Inc. (DE)
87.39%
93%
The Medical Center of Southeast Texas, LP (DE)
33.33%
Jefferson County Clinical Services, Inc. (Non-Profit) (TX)
SJ Medical Center LLC (D/B/A St. Joseph Medical Center) (TX)
79.85%
Downtown Houston Physician Organization (Non-Profit) (TX)
Steward SA FSED Holdings, Inc. (DE)
Converse Medical Center LLC (TX)
De Zavala Medical Center LLC (TX)
Brim Physicians Group of Colorado, LLC (CO)
Health Choice Preferred Accountable Care LLC (DE)
Legacy Trails Medical Center LLC (TX)
Physician Group of Arkansas, Inc. (DE)
Steward West Ventures, Co. (DE)
Health Choice Utah Accountable Care LLC (DE)
Brim Holding Company, Inc. (DE)
Brim Healthcare of Colorado, LLC D/B/A Pikes Peak Regional Hospital (CO)
76.31%
Brim Healthcare of Texas, LLC D/B/A Wadley Regional Medical Center (DE)
32%
NLV Healthcare Development, LP (DE)
1%
1%
IASIS Healthcare Holdings, Inc. (DE)
Choice Care Clinic I, Inc. (Non-Profit) (TX)
Permian Premier Health Services, Inc. (Non-Profit) (TX)
Choice Care Clinic II, Inc. (Non-Profit) (TX)
Choice Care Clinic III, Inc. (Non-Profit) (TX)
40%
First Physicians PLLC (TX)
40%
FPOG, LLC (TX)
1% 99%
IASIS Glenwood Regional Medical Center, LP (DE)
25%
Northeast Louisiana Physician Hospital Organization, Inc. (LA)
50%
Northeast Louisiana Cancer Institute, L.L.C. (LA)
33.33%
LHCG V, L.L.C. (LA)
33.33%
Patient's Choice Hospice & Palliative Care Center of Louisiana, L.L.C. (LA)
Key
Guarantors
ABL/FILO Guarantor and Bridge Loan Guarantor
MPT Note Guarantor and/or Obligor
Stewardship Note Guarantor
MPT Real Estate Loan Agreement Guarantor
MPT Master Lease I Guarantor
SHC Investors Loan Guarantor
Bridge Loan Guarantor but not ABL/FILO Guarantor
Debtors
Debtor
Non-Debtor
MPT Lessees
MPT Master Lease I Lessee
MPT Master Lease II Lessee
* All ownership percentages are 100% unless otherwise noted.
** Percentages in boxes indicate ownership by IASIS HealthCare Holdings, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| **STEWARD HEALTH CARE HOLDINGS LLC,** | § § § | Case No. 24-_____ ([●]) |
| Debtor. | § § § § | |

## LIST OF EQUITY HOLDERS[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies the equity security holders of the above-captioned debtor in possession (the "**Debtor**").

Check applicable box:

☐   There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒   The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Percentage/Number of Interests Held |
|---|---|---|
| Steward Health Care Investors LLC 1900 N. Pearl Street, Suite 2400 Dallas, Texas 75201 | Units | 90.1% |
| MPT Sycamore Opco LLC 1000 Urban Center Drive, Suite 501 Birmingham, Alabama 35242 | Units | 9.9% |

---

[1]   This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the Debtor's chapter 11 case.

**Fill in this information to identify the case:**

Debtor name: Steward Health Care Holdings LLC

United States Bankruptcy Court for the Southern District of Texas

Case number (*If known*):   24-_____  (   ) _____

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐ Schedule H: Codebtors (Official Form 206H)

☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐ Amended Schedule ____

☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒ Other document that requires a declaration Consolidated Corporate Ownership Statement and List of Equity Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  May 6, 2024          **✗**  /s/ John R. Castellano
            MM /DD /YYYY                    Signature of individual signing on behalf of debtor

                                    John R. Castellano
                                    Printed name

                                    Chief Restructuring Officer
                                    Position or relationship to debtor